UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HENRY ARROYO                    :
                                :
                                :
v.                              :  CIV. NO. 3:11CV268 (WWE)
                                :
DEPARTMENT OF PUBLIC SAFETY,    :
SGT. JUSTIN KELLY               :
MASTER SGT DANIEL LEWIS         :
                                :


RULING ON PENDING DISCOVERY MOTIONS

The plaintiff, State Trooper Henry Arroyo, brings this
employment discrimination action pursuant to Title VII, 28
U.S.C. §§1331 and 1343, and the Connecticut Constitution
Sections 1 and 10, alleging discrimination on the basis of
Hispanic ethnicity when he was passed over on two separate
occasions for the position of Bomb Technician while employed by
the Department of Public Safety ("DPS"). In Count Two, plaintiff
alleges retaliation, stating he was subjected to a hostile work
environment and disparate treatment because he openly opposed
discrimination in the work place. In Count Three, plaintiff
alleges discrimination on the basis of Hispanic ethnicity in
violation of 42 U.S.C. §1981 when co-defendants, Master Sergeant
Daniel Lewis and Sergeant Justin Kelley, acting in their
individual capacities, recommended and removed plaintiff from
the FBI list for promotion to bomb technician. In Court Four,

1

plaintiff seeks damages for intentional infliction of emotional distress. [Doc. #1].

Defendants are the Connecticut Department of Public Safety, Sergeant Justin Kelly and Commander of Emergency Services Daniel Lewis. [Doc. #1].  The Department of Public Safety ("DPS") has not filed an appearance in this case. There is a pending Motion to Dismiss [doc. #60] based on lack of personal jurisdiction and insufficient service of process as to the DPS.  Also pending are defendants' Motion to Compel Discovery and Motion for Extension of the Discovery and Dispositive Motions Deadlines [Doc. #40] and plaintiff's Motion for Protective Order [Doc. #44]. Oral argument was held May 31, 2012.


## Defendants' Motions to Compel **[doc. #40]**

Defendants move to compel responses to Schedule A Production Requests and First Set of Requests for Admission, both dated February 23, 2012.


## Standard of Review and Requests for Production

In Count Four, plaintiff alleges, in part, that the adverse employment actions by defendants were intended to inflict emotional distress and these acts were "extreme and outrageous and caused plaintiff severe emotional distress and trauma,

2

sleeplessness, loss of appetite, loss of employment opportunities . . . ." [Doc. #1].  A party may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1).  The information does not need to be admissible at trial; it need only be reasonably calculated to lead to the discovery of admissible evidence. Id.  "Relevance" under Fed. R. Civ. P. 26(b)(1) has been defined broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Defendants seek information they contend may have contributed to plaintiff's emotional state and assist defendants in defending against plaintiff's claims.  It is noted that plaintiff is not alleging a psychotherapist-patient or other privilege in opposing defendants' discovery request. Nevertheless, "Courts have long recognized that certain communications and documents may be protected from discovery by the psychotherapist-patient privilege." Green v. St. Vincent's Medical Center, 252 F.R.D. 125, 127 (D. Conn. 2008) (citing Jaffee v. Redmond, 518 U.S. 1 (1996)).  However, "District Courts in the Second Circuit have long recognized that the protection of the psychotherapist-patient privilege is waived when a plaintiff puts his or her mental conditions at issue in

3

the case." Id. (citations omitted); see Jacobs v. Connecticut
Community Technical Colleges, 258 F.R.D. 192 (D. Conn. 2009)
(same); see also Breeze v. Royal Indem. Co., 202 F.R.D. 435, 436
(E.D.Pa. 2001)(finding that husband's employment records could
be compelled because they might show how stresses from his job
situation contributed to his wife's emotional distress she
claimed were caused by her former employer).

Request for Schedule A, Production No. 1

This Request for Production ("RFP") seeks the production of
copies of all communications with the plaintiff's labor union
representatives regarding his employment with DPS since 2001,
including labor grievances filed on behalf of the plaintiff or
relating to any discipline of the plaintiff.  Defendant's RFP
No. 1 is **granted**.  As set forth above, this request is proper.
See Green, 252 F.R.D. at 127; see also Breeze, 202 F.R.D. at
436.

Plaintiff will complete production within fourteen (14)
days of the filing of this order. D. Conn. L. Civ. R. 37(d).  If
there are no responsive documents, after a good faith effort to
locate them, plaintiff will so state under oath and withdraw his
objection.

Request for Schedule A, Production No. 4

This Request for Production seeks any documents, diaries,

journals, logs, e-mail messages and/or recordings of any kind in

plaintiff's possession or control related to his employment with

DPS.  Defendant's RFP No. 4 is **granted** as to the period of time

from 2000 to the present. Here, plaintiff asserts a boilerplate

objection stating, "[t]his request is overly broad, not

reasonably limited in time and not narrowly crafted to lead to

the discovery of admissible evidence at trial." [Doc. #43-1].

> The party resisting discovery bears the burden of
> demonstrating that its objections should be sustained,
> and pat, generic, non-specific objections, intoning
> the same boilerplate language, are inconsistent with
> both the letter and the spirit of the Federal Rules of
> Civil Procedure. An objection to a document request
> must clearly set forth the specifics of the objection
> and how that objection relates to the documents being
> demanded.  The objecting party must do more than
> simply intone the familiar litany that the
> interrogatories are burdensome, oppressive or overly
> broad. Instead, the objecting party must show
> specifically how, despite the broad and liberal
> construction afforded the federal discovery rules,
> each request is not relevant or how each question is
> overly broad, burdensome or oppressive by submitting
> affidavits or offering evidence revealing the nature
> of the burden.

Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind.

2002).  See In re Priceline.com Inc. Securities Litigation, 233

F.R.D. 83, 85 (D. Conn. 2005). Plaintiff's objection on this

basis fails.

Plaintiff will complete production within fourteen (14)

days of the filing of this order. D. Conn. L. Civ. R. 37(d).  If

there are no responsive documents, after a good faith effort to

locate them, plaintiff will so state under oath and withdraw his objection.

Request for Schedule A, Production No. 6

This Request for Production seeks grievances, CHRO complaints, EEOC charges, Workers' Compensation claims filed by or against the plaintiff during the course of his employment with DPS.  Defendant's RFP No. 6 is **granted**. Here, plaintiff asserts a boilerplate objection stating, "[t]his request is overly broad as it requests grievances, and workers' compensation claims, which are irrelevant and immaterial." [Doc. #43-1].  See Chavez, 206 F.R.D. at 219; In re Priceline.com Inc. Securities Litigation, 233 F.R.D. at 85. Plaintiff's objection on this basis fails.

Plaintiff will complete production within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).  If there are no responsive documents, after a good faith effort to locate them, plaintiff will so state under oath and withdraw his objection.

Request for Schedule A, Production No. 7

This Request for Production seeks copies of any complaints and answers in any state court or federal lawsuits, including any family matters in which the plaintiff is a party. Defendant's RFP No. 7 is **granted**.  Here, plaintiff asserts a

boilerplate objection stating, "[t]his request is overly broad seeks irrelevant information and is not reasonably crafted to lead to the discovery of admissible evidence at trial." [Doc. #43-1].  See Chavez, 206 F.R.D. at 219; In re Priceline.com Inc. Securities Litigation, 233 F.R.D. at 85. Plaintiff's objection on this basis fails.

Plaintiff will complete production within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).  If there are no responsive documents, after a good faith effort to locate them, plaintiff will so state under oath and withdraw his objection.

### Request for Schedule A, Production No. 8

This Request for Production seeks copies of any applications for relief from abuse filed on behalf of the plaintiff or for which plaintiff is the subject. Defendant's RFP No. 8 is **granted**. As set forth above, this request is proper. See Green, 252 F.R.D. at 127; see also Breeze, 202 F.R.D. at 436.

Plaintiff will complete production within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).  If there are no responsive documents, after a good faith effort to locate them, plaintiff will so state under oath and withdraw his objection.

Request for Schedule A, Production No. 9

This Request for Production seeks copies of any Internal Affairs ("IA") complaints in which the plaintiff was the subject during the course of his employment with DPS.  Plaintiff states that this information can be obtained with greater facility by the defendants than the plaintiff.  At oral argument, plaintiff stated that he would provide an authorization to defendants for obtaining the IA documents from the Union.  Accordingly, RFP No. 9 is **granted** and plaintiff will provide documents in his possession and an authorization to defendants for the IA documents.  If plaintiff does not have any responsive documents, he will state this affirmatively under oath pursuant to D. Conn. L. Civ. R. 37(d).

Request for Schedule A, Production No. 10

This Request for Production seeks any complaints filed by the plaintiff with the Equal Employment Opportunity or Affirmative Action Unit of DPS. Plaintiff states that this request is duplicative of previous requests for production with which the plaintiff states he has already complied.  The plaintiff will provide the defendant with the Bates Stamp numbers of the documents that are responsive to the request within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).  If there are no responsive documents, after a

good faith effort to locate them, plaintiff will so state under oath and withdraw his objection.  Accordingly, RFP No. 10 is **granted.**


Requests for Admission

Rule 36(a) provides that the parties answering request for admission "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a) "A broad objection that the request was "'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection.'" Wagner v. St. Paul Fire & Marine Ins. Co*.,* 238 F.R.D. 418, 424 (N.D. W.Va. 2006)(quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).  Plaintiff's boilerplate objection that a request for admission was "irrelevant" and "immaterial" does not satisfy the standard set forth by Rule 36(a) and the objection must fail. Wagner, 238 F.R.D. at 424.


Request for Admission, No. 4

This Request for Admission ("RFA") asks plaintiff to admit or deny whether he was the subject of an Internal Affairs Investigation in 2011 while an employee of DPS.  Defendant's RFA No. 4 is **granted.** As set forth above, this RFA is proper. See

<u>Green</u>, 252 F.R.D. at 127; <u>see</u> <u>also</u> <u>Breeze</u>, 202 F.R.D. at 436. Additionally, plaintiff's response that this request is not relevant does not adequately fulfill the specificity requirement of Rule 36(a) to set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. <u>See</u> Fed. R. Civ. P. 36(a).

Plaintiff will respond to this request for admission within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

<u>Request for Admission, No. 5</u>

This Request for Admission asks plaintiff to admit or deny whether he was arrested on charges of domestic violence while an employee of DPS. Defendant's RFA is **granted**. As set forth above, this RFA is proper and relevant. <u>See</u> <u>Green</u>, 252 F.R.D. at 127; <u>see</u> <u>also</u> <u>Breeze</u>, 202 F.R.D. at 436. Additionally, plaintiff's response that this request is not relevant does not adequately fulfill the specificity requirement of Rule 36(a) to set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. <u>See</u> Fed. R. Civ. P. 36(a).

Plaintiff will respond to this request for admission within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

Request for Admission, No. 7

This Request for Admission asks plaintiff to admit or deny whether he has undergone a psychological evaluation as a result of criminal charges brought against him in 2011. Defendant's RFA No. 7 is **granted.**  As set forth above, this RFA is proper and relevant. See Green, 252 F.R.D. at 127; see also Breeze, 202 F.R.D. at 436.  Additionally, plaintiff's response that this request is irrelevant and immaterial does not adequately fulfill the specificity requirement of Rule 36(a) to set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. See Fed. R. Civ. P. 36(a).

Plaintiff will respond to this request for admission within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

Request for Admission, No. 11

This Request for Admission asks plaintiff to admit or deny whether he was charged on June 25, 2011 with committing the criminal offense of Assault in the Third Degree in violation of Conn. Gen. Stat. Sec. Defendant's RFA No. 11 is **granted.** As set forth above, this RFA is proper and relevant. See Green, 252 F.R.D. at 127; see also Breeze, 202 F.R.D. at 436. Additionally, plaintiff's response that this request is irrelevant and immaterial does not adequately fulfill the

11

specificity requirement of Rule 36(a) to set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. <u>See</u> Fed. R. Civ. P. 36(a).

Plaintiff will respond to this request for admission within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

<u>Request for Admission, No. 12</u>

This Request for Admission asks plaintiff to admit or deny whether he was charged on June 25, 2001 with committing the criminal offense of Disorderly Conduct in violation of Conn. Gen. Stat. Sec. 53a-182. Defendant's RFA No. 12 is **granted**. As set forth above, this RFA is proper and relevant. <u>See</u> <u>Green</u>, 252 F.R.D. at 127; <u>see</u> <u>also</u> <u>Breeze</u>, 202 F.R.D. at 436. Additionally, plaintiff's response that this request is irrelevant and immaterial does not adequately fulfill the specificity requirement of Rule 36(a) to set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. <u>See</u> Fed. R. Civ. P. 36(a).

Plaintiff will respond to this request for admission within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

<u>Request for Admission, No. 13</u>

This Request for Admission asks plaintiff to admit or deny whether the Order of Protection naming plaintiff as respondent attached as Exhibit 3, is a true copy of the Order issued in New Britain Superior Court. Defendant's RFA No. 13 is **granted.** As set forth above, this RFA is proper and relevant. <u>See</u> <u>Green</u>, 252 F.R.D. at 127; <u>see</u> <u>also</u> <u>Breeze</u>, 202 F.R.D. at 436. Additionally, plaintiff's response that this request is irrelevant and immaterial does not adequately fulfill the specificity requirement of Rule 36(a) to set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. <u>See</u> Fed. R. Civ. P. 36(a).

Plaintiff will respond to this request for admission within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

<u>Motion for Extension of the Discovery and Dispositive Motions Deadlines</u> **[Doc. #40]**

The defendants also seek an extension of the discovery deadline until thirty days after a ruling on this motion to compel and forty-five days thereafter for the dispositive motions deadline. This motion is **granted.** The Clerk of the court will adjust the deadlines.

Plaintiff's Motion for Protective Order **[doc. #44]**

The plaintiff seeks a Protective Order to protect any and all information relating to the marital dispute which occurred between plaintiff and his wife in 2011.  As set forth in Defendant's Motion to Compel, information regarding the plaintiff's marital issues may be relevant in determining whether they were contributing factors to plaintiff's emotional distress.  Plaintiff's Motion for a Protective Order is **denied.** Plaintiff will produce responsive documents subject to a confidentially agreement with the exception of documents that are part of the public record.

CONCLUSION

Accordingly, defendant's Motion to Compel **[doc. #40]** is **GRANTED.**  Defendant's Motion for Extension of Time **[doc. #40]** is **GRANTED.** The discovery deadline is extended thirty days and the deadline for filing dispositive motions is extended forty-five days from the entry of this ruling and order.  The Clerk of the court will adjust the deadlines. Plaintiff's Motion for Protective Order **[doc. #44]** is **DENIED.**  This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United

14

States Magistrate Judges.  As such, it is an order of the Court

unless reversed or modified by the district judge upon motion

timely made.

SO ORDERED at Bridgeport this 30th day of July 2012.


_____/s/_____

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE